IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-99-355 |
| | § | (Ca. No. C-14-196) |
| GEORGE CANO, | § | |
| | § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, GRANTING A CERTIFICATE OF APPEALABILITY, AND DENYING MOTION FOR DOCUMENTS AT GOVERNMENT EXPENSE</u>**

Pending before the Court is Defendant George Cano's (Cano) motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255. D.E. 43. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (§ 2255 Rules) (2014). For the reasons stated herein, the Court dismisses Cano's motion but grants him a certificate of appealability.

### I. PROCEDURAL BACKGROUND

Cano was sentenced to 210 months in the Bureau of Prisons in 2000 based upon his guilty plea pursuant to a plea agreement to the charge of felon in possession of a firearm. D.E. 16. Cano waived his right to a jury trial and pled guilty to count one of the indictment. Cano did not appeal, but filed a motion to reduce his sentence in October 2000. The Court

denied the motion. D.E. 19, 20. Cano later requested the Court run his federal sentence concurrently with his state sentence. The Court denied the motion without prejudice. D.E. 21, 24. In 2003, Cano filed several motions that the Court recharacterized as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. D.E. 25, 26. The Court denied the motion to vacate by Order dated February 23, 2004, on the ground that it was barred by limitations. D.E. 30, 31.

Over the years, Cano has requested various forms of relief from the Court relating to correction of his PSR. D.E. 35, 37, 40.

## II. MOVANT'S CLAIMS

Cano presently challenges his sentence and claims He claims that this Court's determination that he was an Armed Career Criminal was improper pursuant to United States v. Descamps, affects his sentence.133 S.Ct. 2276 (2013). He additionally requests copies of his state court convictions used against him at sentencing.

## III. ANALYSIS

**A.   28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range

of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.     Second or Successive**

Although Descamps had not yet been decided at the time of Cano's previous § 2255, his current motion is a second or successive motion. Before filing a second or successive motion, Cano was required to obtain permission to do so from the Fifth Circuit Court of Appeals. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district

court to consider the application."). Cano's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion. Accordingly, Cano's motion to vacate, set aside or correct sentence (D.E. 43) is DISMISSED as second or successive. United States v. Orozco-Ramirez, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

### IV.  MOTION FOR COPIES OF DOCUMENTS

Cano requests copies of his state convictions on which his Armed Career Criminal enhancement was based. Because Cano's conviction was 14 years ago, the Clerk no longer has those documents in Corpus Christi, Texas.

Cano qualified for appointed counsel during the underlying proceeding. He has been incarcerated since that time. The Court presumes that Cano's economic condition has not improved and that he remains indigent as he claims. An indigent defendant has a statutory right to free court documents in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Although Cano has a § 2255 motion pending, the Court has determined that it does not have jurisdiction to decide the merits of the motion. As a result, Cano's present pending case does not support his need for the documents he seeks at government expense. Cano is presently confined within the Bureau of Prisons. His case manager can make his Presentence

4

Investigation Report available to him. That report summarizes his state court convictions and identifies those used to support the enhancement pursuant to 18 U.S.C. § 924(e).

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Cano has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

The Court GRANTS a COA on Cano's claim that his enhancement as an armed career criminal was improper.

## VI.  CONCLUSION

For the foregoing reasons, Cano's motion (D.E. 43) is DISMISSED as second or successive. He is GRANTED a Certificate of Appealability. The Court also DENIES Cano's letter motion for documents at government expense (D.E. 42).

It is so ORDERED this 17th day of July, 2014.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE